IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LAQUITA HATHAWAY and DARRELL ANDERSON, JR., a minor, by and through his Natural Mother and Legal Guardian, LAQUITA HATHAWAY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MEMPHIS, OFFICER GUY HENDREE, OFFICER CHRIS MILLER, OFFICER DARNELL BRIDGEFORTH, OFFICER JOHN BARRETT, OFFICER JOHN DOE, OFFICER JANE DOE, ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, and CHIEF TONY ARMSTRONG, IN HIS OFFICIAL CAPACITY, <br><br> Defendants. | No. 13-02688 |

**ORDER**

Before the Court are two motions. On December 1, 2016, Defendants City of Memphis, Chris Miller, Guy Hendree, Darnell Bridgeforth, and John Barrett ("Defendants") filed a Joint Motion to Dismiss. (Defs.' Jt. Mot. to Dismiss and Mem. in Supp., ECF No. 59 ("Second Mot. to Dismiss").) On December 12, 2016, Plaintiffs' counsel filed a Response in Support of Defendants' Joint Motion to Dismiss. (ECF No. 60 ("Second Mot. to Dismiss Resp.").)

On December 12, 2016, Plaintiffs' counsel filed a Motion to Withdraw as Counsel. (ECF No. 61 ("Second Mot. to Withdraw").)

For the reasons discussed below, the Second Motion to Dismiss is GRANTED with prejudice. The only remaining claim in the case is Plaintiff Darrell Anderson, Jr.'s claim for intentional and/or negligent infliction of emotional distress. The Second Motion to Withdraw is GRANTED as to Hathaway and DENIED as to Anderson.

**I. Background**

On July 18, 2013, Plaintiffs filed their original complaint in the Circuit Court of Shelby County, Tennessee. (Compl., ECF No. 1-3 ("Compl.").) The Complaint alleges that on or about July 2, 2013, Memphis Police Department officers Guy Hendree, Chris Miller, Darnell Bridgeworth, and John Barrett (the "Defendant Officers"), while responding to a domestic dispute, used excessive force and arrested Plaintiff Laquita Hathaway without probable cause, in violation of the Fourth Amendment to the U.S. Constitution. (Id. at PageID 16–19.) Plaintiffs also allege state-law claims against Defendants for intentional and/or negligent infliction of emotional distress, negligence, assault and battery, and false arrest/false imprisonment. (Id. at PageID 19–22.) On September 4, 2013, Defendants removed the case to this Court. (Notice of Removal of Civil Action, ECF No. 1.)

On October 27, 2015, Defendant Officers filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1] (Def. Officers' Mot. to Dismiss and Mem. in Supp., ECF No. 20 ("First Mot. to Dismiss").)

The Court entered an amended scheduling order on March 15, 2016. (Am. Scheduling Order, ECF No. 39.) Under the amended scheduling order, the deadline for completing all discovery was October 14, 2016. (Id.)

On May 9, 2016, Plaintiffs filed a notice to take the depositions of Defendant Officers on June 23, 2016. (Notice of Deps., ECF No. 40.) On May 10, 2016, Defendant Officers filed a notice to take Hathaway's deposition on June 29, 2016. (Notice to Take Dep. of Pl., ECF No. 41.) On June 7, 2016, Plaintiffs' counsel notified defense counsel that he had "lost communication with [his] client." (Def. Officers' Mot. for Sanctions ¶ 11, ECF No. 50 ("Mot. for Sanctions").) The depositions were cancelled. (Id. ¶ 12.)

On June 13, 2016, Plaintiffs' counsel filed a Motion to Withdraw as Counsel and Assert Lien. (ECF No. 42 ("First Mot. to Withdraw").) The motion stated, *inter alia*, that "Plaintiff

---

[1] References to "Rules" are to the Federal Rules of Civil Procedure.

3

[*sic*] has lost contact with her counsel and has not responded to numerous attempts to reach her by mail, phone, and text." (Id. ¶ 1.)

On July 12, 2016, the Court entered an order granting in part the First Motion to Dismiss. (Order, ECF No. 43 ("Order on First Mot. to Dismiss").) The order dismissed the claim that Hathaway was arrested without probable cause and Plaintiffs' claims of false arrest and unlawful detention. (Id. at 14.) It also dismissed Plaintiffs' claims of excessive force, assault, and battery to the extent those claims relied on events before or during Hathaway's arrest. (Id.)

On September 15, 2016, the Court entered an order that, in relevant part, denied the First Motion to Withdraw. (Order on Mot. to Withdraw as Counsel and Assert Lien, ECF No. 44 ("Withdrawal Order").) The order stated that allowing Plaintiffs' counsel to withdraw from representing Hathaway and Anderson because of Hathaway's conduct would strip both Hathaway and Anderson, her minor son, of representation. (Id. at 4–5.) The order also stated that, "[a]s the case proceeds, if [Plaintiffs' counsel's] inability to reach Plaintiffs affects the parties' ability to proceed to trial, the Court will consider appropriate relief." (Id. at 6 n.3.)

On September 20, 2016, Defendant Officers filed a notice to take Hathaway's deposition on September 27, 2016. (Notice to

4

Take Dep. of Pl., ECF No. 46.) Hathaway did not appear for the deposition. (See, e.g., Dep. of Laquita Hathaway, ECF No. 50-1.)

On October 12, 2016, Defendant Officers filed a Motion for Sanctions Under Rule 37(d)(3). (ECF No. 50 ("Sanctions Mot.").) Because Hathaway had not appeared for her properly noticed deposition, the Officers asked that "Plaintiff be sanctioned and that her case be dismissed . . . as she has abandoned her cause of action." (Id. ¶ 18.) On October 13, 2016, the Court referred the Sanctions Motion to United States Magistrate Judge Diane K. Vescovo. (Order of Reference, ECF No. 52.) On October 25, 2016, Plaintiffs filed a response to the Sanctions Motion. (Pl.'s [*sic*] Resp. Opposing Def. Officer's [*sic*] Mot. to Dismiss and Mem. in Opp'n, ECF No. 53.)

On November 4, 2016, the Magistrate Judge entered an Order Granting in Part and Denying in Part Defendant Officers' Motion for Sanctions under Rule 37. (ECF No. 54 ("Sanctions Order").) The order denied the Sanctions Motion as to Defendant Officers' request for a dismissal of Plaintiffs' case. (Id. at 8.) The Magistrate granted the Motion for Sanctions as to Defendant Officers' request that Hathaway pay Defendant Officers' reasonable expenses related to Hathaway's September 2016 deposition. (Id.) Hathaway was ordered to pay Defendant

5

Officers $131.40 within fourteen days.  (Id.)  Nothing in the record suggests that Hathaway has made that payment.

On November 15, 2016, Plaintiffs' counsel filed a Motion for Status Conference.  (ECF No. 55.)  Plaintiffs' counsel represented that "Hathaway has lost contact with her counsel and has not responded to numerous attempts to reach her by mail, phone, and text," and that, "[b]ased on information and belief [Hathaway] still resides in Memphis, Tennessee but can not be found."  (Id. ¶ 1.)  Plaintiffs' counsel also represented that he "has hired a private investigator to locate" Hathaway and Anderson, but "[t]o date, only [Anderson] has been located as well [as] an adult relative of [Anderson] who is not . . . Hathaway."  (Id. ¶ 2.)

The Court held a status conference on November 23, 2016. (Order 1, ECF No. 58.)  At that conference, the Court held in abeyance the deadlines set in the Amended Scheduling Order. (Id.)  The Court set a deadline of December 2, 2016 for any motions to dismiss, and a deadline of December 26, 2016 for any appointment of a guardian *ad litem* for Anderson.  (Id.)

On December 1, 2016, Defendants filed the Second Motion to Dismiss.  On December 12, 2016, Plaintiffs' counsel filed the Second Motion to Dismiss Response.  On December 12, 2016, Plaintiffs' counsel filed the Second Motion to Withdraw.

**II. Jurisdiction**

Plaintiffs' remaining claims include violations of 42 U.S.C. § 1983. (See Compl. at PageID 17–18; Order on First Mot. to Dismiss 14.) The Court has federal-question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' remaining state-law claims under 28 U.S.C. § 1367 because they derive from a "common nucleus of operative fact" with the federal-law claims. See 28 U.S.C. § 1367; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

**III. Standard of Review**

   **A.   Second Motion to Dismiss**

Defendants' Motion to Dismiss invokes Rules 37(d)(3) and 37(b)(2)(A)(i)–(vi) and seeks dismissal of "[Hathaway's] case." (Second Mot. to Dismiss 5.)[2] Under Rule 37(d)(1)(A), a court may, on motion, order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(3) states that the sanctions "may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." That list includes "dismissing the action or proceeding in whole

---

[2] The Second Motion to Dismiss repeatedly refers to "Plaintiff Hathaway" and makes no representations about Anderson. The Court construes the Second Motion to Dismiss as seeking dismissal of Hathaway's remaining claims, and not Anderson's remaining claim.

7

or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Under Rule 37(d)(3), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Imposing sanctions is within the Court's discretion. See, e.g., S. Wabash Commc'ns, Ltd. v. Union Cty. Broad. Co., 69 F. App'x 285, 292 (6th Cir. 2003). To consider dismissal as a discovery sanction, courts look to four factors: "'(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the [plaintiff] was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'" United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002) (quoting Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)). Dismissal is appropriate "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits . . . ." Reese Corp. v. Rieger, 201 B.R. 902, 904 (E.D. Mich. 1996) (citing Meade v. Grubbs, 841 F.2d 1512, 1520 n.7 (10th Cir. 1988)).

### B. Second Motion to Withdraw

In the Second Motion to Withdraw, Plaintiffs' counsel requests "permission to withdraw as Counsel of Record for Plaintiff [*sic*]." (Second Mot. to Withdraw 1.) "[A]ttorney withdrawal issues are committed to the court's discretion[.]" Brandon v. Blech, 560 F.3d 536, 537 (6th Cir. 2009).

In relevant part, Tennessee Rule of Professional Conduct 1.16(b) states that, "[e]xcept as stated in paragraph (c), a lawyer may withdraw from representing a client if . . . withdrawal can be accomplished without material adverse effect on the interests of the client[.]" Under Tennessee Rule of Professional Conduct 1.16(c), "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

### IV. Analysis

#### A. Second Motion to Dismiss

In deciding the Second Motion to Dismiss, the Court considers the Reyes factors. When considering willfulness, bad faith, or fault, "the burden of showing that a failure to comply with . . . discovery requests was due to inability, not willfullness or bad faith, rests with the individual against whom sanctions are sought." Laukus v. Rio Brands, Inc., 292

9

F.R.D. 485, 509 (citing Reyes, 307 F.3d at 458). To justify dismissal with prejudice, the Sixth Circuit has held that the willfulness factor is satisfied only if there is "a clear record of delay or contumacious conduct." Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Carter v. City of Memphis, 636 F.2d 161 (6th Cir. 1980)). Such a record exists where a plaintiff displays "'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" Shavers v. Bergh, 516 F. App'x 568, 570 (6th Cir. 2013) (quoting Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)).

This factor supports dismissal. Hathaway has made no showing as to why she did not appear at her noticed depositions. She has not contacted her attorney since at least June 2016 (Mot. to Withdraw ¶ 1; see also Second Mot. to Withdraw ¶ 1), and there is no showing as to why. The burden lies with Hathaway. Her behavior demonstrates a reckless disregard for the effect of her conduct on these proceedings. There is a clear record of delay and contumacious conduct.

Defendants have been prejudiced. Defendants' counsel has "'waste[d] time, money, and effort in support of cooperation which [Hathaway] was legally obligated to provide.'" Schafer, 529 F.3d at 737 (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997)) (alteration in Schafer). Hathaway's

10

remaining claims include excessive force, assault, and battery. Hathaway's deposition is important discovery to which Defendants are entitled. Several district courts in this Circuit have found prejudice where a plaintiff failed to appear for a noticed deposition. See, e.g., Vance v. Sec'y, U.S. Dep't of Veterans Affairs, 289 F.R.D. 254, 257 (S.D. Ohio 2013); Powell v. Cont'l Cas. Co., No. 1:09-cv-710, 2010 WL 5576057, at *2 (S.D. Ohio Nov. 16, 2010); Robinson v. Burnett, No. 1:07-CV-668, 2009 WL 80274, at *4 (W.D. Mich. Jan. 9, 2009). This factor favors dismissal.

Hathaway has been warned that failure to cooperate could lead to dismissal. The Sanctions Order warned that "[Hathaway's] failure to comply with discovery or the court's orders could lead to other sanctions including dismissal of her complaint." (Sanctions Order 8.) Since the entry of that order, Hathaway has not resumed communications with her attorney or shown that she would sit for a deposition. She has failed to pay the reasonable expenses specified in the Sanctions Order. The Court's Withdrawal Order stated that, "if [Plaintiffs' counsel's] inability to reach Plaintiffs affects the parties' ability to proceed to trial, the Court will consider appropriate relief." (Withdrawal Order 6 n.3.) Hathaway has been warned of the potential consequences of failing to cooperate. This factor favors dismissal.

It is unclear whether Hathaway received the Court's warnings, given that she has avoided her counsel for months. Hathaway's counsel represents that he has left messages with Hathaway, but the content of those messages is unclear. (Mot. to Withdraw ¶ 1; Second Mot. to Withdraw ¶ 1.) It is undisputed, however, that Hathaway has failed to communicate with her attorney for at least six months. (Mot. to Withdraw ¶ 1; see also Second Mot. to Withdraw ¶ 1.) A party's failure to avail herself of judicially provided notice made to her counsel does not nullify that notice.

Less-drastic alternatives to dismissal would be insufficient. The Sanctions Order imposed lesser sanctions on Hathaway, and those sanctions have been ineffective. This factor favors dismissal.

The Reyes factors favor dismissal. The parties disagree about whether the dismissal should be with prejudice. Defendants request dismissal "with prejudice." (Mot. to Dismiss 5.) Plaintiff's counsel states that, "in an effort to protect the claims of [Anderson], a minor," the Court should sanction Hathaway "in the form of a dismissal without prejudice." (Second Mot. to Dismiss Resp. ¶ 2 (emphasis removed).)

Dismissal of Hathaway's claims with prejudice is appropriate here. First, given Hathaway's lengthy and reckless disregard of the effect of her conduct on this litigation,

dismissal with prejudice is the proper remedy. See, e.g., Williams v. Select Specialty Hosp.-Nashville, Inc., No. CIV. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) ("Dismissal . . . with prejudice is appropriate in light of the plaintiffs' lack of interest in the action, the hardship it would cause the defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by the plaintiffs' refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendant caused by the plaintiffs' conduct."). Second, Anderson's claims can be pursued even if Hathaway's are dismissed with prejudice. Anderson's sole remaining claim is for intentional and/or negligent infliction of emotional distress, based on the allegation that he observed the Defendant Officers physically harming his mother. (Compl. ¶¶ 34–35; Withdrawal Order 5.) Anderson can pursue that claim even if Hathaway's claims are dismissed.

The Second Motion to Dismiss is GRANTED. Hathaway's remaining claims are DISMISSED with prejudice. The only claim remaining in the case is Anderson's claim for intentional and/or negligent infliction of emotional distress.

### B. Second Motion to Withdraw

The Second Motion to Withdraw, like the first, represents that Hathaway "has lost contact with her counsel of record, failing to respond to the numerous attempts to reach her by mail, phone, and text." (Second Mot. to Withdraw ¶ 1.) The Second Motion to Withdraw represents that Anderson "was located but will not speak with" Plaintiffs' counsel. (Id. ¶ 2.)

The Court is dismissing Hathaway's claims. Allowing Plaintiffs' counsel to withdraw from representing Hathaway would not cause a material adverse effect on Hathaway's interests.

The Court has not dismissed Anderson's claim. Allowing Plaintiffs' counsel to withdraw from representing Anderson would cause a material adverse effect on Anderson's interests. As a minor, Anderson cannot proceed with his claims pro se. See, e.g., Fed. R. Civ. P. 17(c)(2). Under Federal Rule of Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." If the Court allowed Plaintiffs' counsel to withdraw from representing Anderson, the Court would have to secure alternative representation. Plaintiffs' counsel may not withdraw from representing Anderson.

The Second Motion to Withdraw is GRANTED as to Hathaway and DENIED as to Anderson.

**V. Conclusion**

The Second Motion to Dismiss is GRANTED with prejudice as to Hathaway's claims. The only remaining claim is Anderson's claim for intentional and/or negligent infliction of emotional distress. The Second Motion to Withdraw is GRANTED as to Hathaway and DENIED as to Anderson.

So ordered this 27th day of December, 2016.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE